UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CURTIS HOWELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-11030-FDS |
| MASSACHUSETTS REHABILITATION COMMISSION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

**SAYLOR, C.J.**

Plaintiff Curtis Howell has filed a civil action against defendant Massachusetts Rehabilitation Commission ("MRC"), alleging that the MRC violated federal law when it declined to provide funding for his proposed business. He is proceeding *pro se*. Howell has filed a motion for leave to proceed *in forma pauperis* and various other motions. For the reasons stated below, the court will grant the motion for leave to proceed *in forma pauperis*; dismiss the action for failure to state a claim if he fails to file a second amended complaint within 28 days; and deny all other pending motions without prejudice.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

Under upon review of the motion for leave to proceed *in forma pauperis*, the court concludes that Howell has adequately shown that he is unable to pay the $402 filing fee. Accordingly, the court will grant the motion.

II.     **Review of the Amended Complaint**[1]

A summons has not issued pending the court's preliminary review of the amended complaint. Federal law authorizes a court to dismiss a complaint filed by an *in forma pauperis* plaintiff *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting that review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A.      **Howell's Allegations**

According to the amended complaint, in November 2021, plaintiff submitted an application for service from the MRC, and the application was approved. It alleges that he subsequently had a meeting with an MRC counselor during which he discussed his business plan to sell multiple services, include music, legal, behavioral, product sales, advertising, general labor, and transportation services. It further alleges that the MRC denied the funding for plaintiff's proposed business plan and directed him to take a business class. It alleges that plaintiff told the MRC that, instead of pursing his plan for a business, he would attend a vocational school. It further alleges that the MRC stated it would provide funds for tuition at the vocational school.

According to the amended complaint, the MRC subsequently set up an online meeting with plaintiff. It alleges that, during this meeting, plaintiff stated the meeting was pointless and

---

[1] On September 9, 2022, plaintiff filed an amended complaint without leave of court, (Dkt. No. 12), as he was permitted to do so under Fed. R. Civ. P. 15(a)(1)(A). The amended complaint shall be the operative pleading. The court will disregard the second amended complaint that Howell filed on December 18, 2022 (Dkt. No. 18), because, at this juncture, plaintiff cannot file an amended complaint without receiving permission from the court to do so. *See* Fed. R. Civ. P. 15(a)(2).

that he had complied with all requirements.  The meeting was then terminated.  The amended complaint further alleges that plaintiff later made a complaint with the MRC about its denial of funds.  It alleges that the MRC conducted a hearing on the matter, during which plaintiff discussed various aspects of his business plan.  The MRC subsequently denied his appeal.

The amended complaint alleges that the MRC denied plaintiff "services that provide state funding for vocational and career service that they receive from the federal government even though [he] fully complied with the process 100%."  Amend. Compl. at 2.  It further alleges that the MRC "denied [him] services expeditiously relating to state funding that connected to education and career which obstructed [his] rehabilitation that is connected to the American[s] with Disabilities Act."  *Id.*  It also alleges that "[t]his delay prevented [him] for expeditiously capitalizing off of [his] sales which eventually became a[n] investment to billionaires."  *Id.*  It seeks $3 million from the MRC because its conduct "was against the American Disability Act" and "was discriminating to [his] disability and denied [him] the equal protection of the law."  *Id.*

B.     Discussion

To state a claim upon which relief can be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The plausibility standard is not as onerous as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether a pleading meets the plausibility requirement is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The amended complaint appears to attempt to assert a claim under Title II of the Americans with Disabilities Act ("ADA"). That statute provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(b).

Here, the amended complaint fails to state a claim upon which relief can be granted because it does not allege facts from which the court may reasonably infer that the MRC violated Title II of the ADA. For purposes of this memorandum and order, the court assumes, without deciding, that plaintiff has a "disability" within the meaning of the ADA. The amended complaint, however, does not allege that the MRC treated him differently than non-disabled clients or clients without his disability. And it does not plausibly allege that he required a reasonable accommodation for his disability to access the benefits of the services, programs, or

4

activities of the MRC in the same way that persons without his disability do. In summary, there is no indication that the MRC violated the ADA or otherwise acted in violation of federal law.

Accordingly, the court will dismiss the action for failure to state a claim upon which relief can be granted unless plaintiff files a second amended complaint within 28 days of the date of this order (that is, by February 21, 2023), that states such a claim.

It appears from a review of the docket that plaintiff is a frequent *pro se* filer in this court. He has filed 10 civil actions in this court since 2019, including five in 2022 alone, most of which have been dismissed without merit (others appear to be in the process of being screened). Plaintiff is cautioned that any further filings of complaints that are frivolous or otherwise without merit may lead to an order prohibiting him from filing complaints without prior approval of the court or other forms of sanctions.

### III.     Conclusion

For the foregoing reasons:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.
2. All other pending motions are DENIED without prejudice.
3. If plaintiff wishes to proceed with this action, he must, within 28 days (that is, by February 21, 2023) file a second amended complaint that states a claim upon which relief can be granted. Failure to do so will result in dismissal of this action.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  January 24, 2023                              Chief Judge, United States District Court